Phillip WALKER, et al., Plaintiffs,

v.

**DISTRICT OF COLUMBIA,**
et al., Defendants.

Civil Action No. 96–1267 (PLF).

United States District Court,
District of Columbia.

July 23, 1997.

Paul S. Dalton and William Houston, Dalton and Dalton, Annandale, VA, for plaintiffs.

Melvin W. Bolden, Jr., Office of Corporation Counsel, Washington, DC, for defendants.

*MEMORANDUM OPINION
AND ORDER*

PAUL L. FRIEDMAN, District Judge.

Phillip Walker is a sixteen year-old student in the District of Columbia who has been

diagnosed as mildly mentally retarded. He complains that for many years he was not given the special education to which he was entitled under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Specifically, he claims that he was misdiagnosed, that the statutorily-required due process hearings that would have established his educational needs were not held in a timely manner, that his educational evaluations were conducted improperly, and that he was deprived of services related to his special educational needs. On March 26, 1996, a Hearing Officer awarded Phillip a private placement at the Kennedy School and two years of compensatory education and ordered an occupational therapy evaluation and a neurological screening. Plaintiffs sought damages but the Hearing Officer concluded that he lacked authority to award them.[1]

## I. BACKGROUND

The case is now before the Court on plaintiffs' motion for partial summary judgment and defendants' motion to dismiss or for summary judgment. Plaintiffs seek compensatory and punitive damages under the IDEA, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983. At this stage they ask only that the Court find that damages are available as a matter of law.[2]

Defendants maintain (1) that damages are not available for violations of the IDEA; (2) that plaintiffs cannot bring a Section 1983 action based on IDEA violations; (3) that even if plaintiffs could bring a Section 1983 action, they have failed to state a claim because they have not alleged a custom or practice of IDEA violations; and (4) that plaintiffs have failed to state a claim under the Rehabilitation Act.[3]

The Court concludes that damages are not available under the IDEA itself but that plaintiffs can bring a Section 1983 claim for damages to vindicate their rights under the IDEA. The Court further finds that plaintiffs have raised an allegation of a custom or practice of IDEA violations on the part of the District sufficient to survive defendants' motion to dismiss on that basis.[4] Plaintiffs have also alleged a valid Rehabilitation Act claim. Whether the District of Columbia in fact has a custom or practice of failing to enforce the IDEA or whether the Rehabilitation Act was actually violated in this case are questions of fact not susceptible to summary judgment on this record. This case therefore shall be set for trial.

## II. DISCUSSION

### A. The IDEA and Section 1983

The IDEA guarantees every disabled student a free, appropriate public education specially designed to meet his or her unique needs. *See* 20 U.S.C. § 1400(c). The Act establishes a variety of entitlements and procedural safeguards, including the design and implementation of an "individualized education program" ("IEP") for every disabled child, *see* 20 U.S.C. § 1401(a)(20), and a notice and hearing process by which parents and children participate in the design and implementation of IEPs. *See* 20 U.S.C. § 1415.

Where a school system fails to provide special education or related services, a student is entitled to compensatory education. *See Hall v. Knott County Board of Education,* 941 F.2d 402, 407 (6th Cir.1991); *Miener v. State of Missouri,* 800 F.2d 749, 753 (8th Cir.1986); *Harris v. District of Columbia,* 19 IDELR 105, 106–07, 1992 WL 205103 (D.D.C. Aug. 6, 1992) (Lamberth, J.).

**1.** The plaintiffs are Phillip Walker; his mother, Rosella Walker; and his aunt and legal guardian, Norma Jackson. The defendants are the District of Columbia and the Superintendent of Schools who is sued in his official capacity only.

**2.** Although plaintiffs cite the Americans with Disabilities Act, 42 U.S.C. § 12131, in their complaint, they offer no arguments in support of a claim under the ADA.

**3.** At the Court's request, plaintiffs in Civil Action No. 95–0148, *Petties v. District of Columbia,* filed an *amicus curiae* brief. They agree with plaintiffs that damages are available under Section 1983 for violations of the IDEA.

**4.** Plaintiffs may wish to move to amend their complaint to more specifically allege a custom or practice.

If a parent pays for educational placements or related services to which a child is later found to be entitled, the school system must reimburse the parent. *Town of Burlington School Committee v. Department of Education,* 471 U.S. 359, 369, 105 S.Ct. 1996, 2002, 85 L.Ed.2d 385 (1985). Reimbursement is considered an equitable remedy, and compensatory damages beyond reimbursement are not provided for by the IDEA. *Hall v. Knott County Board of Education,* 941 F.2d at 407; *Miener v. State of Missouri,* 800 F.2d at 753; *see also Town of Burlington v. Department of Education,* 471 U.S. at 370–71, 105 S.Ct. at 2003 (reimbursement is not a form of damages but rather "merely requires the [school system] to belatedly pay expenses that it should have paid all along. . . ."). In sum, while Phillip can and has been awarded compensatory education, he cannot obtain money damages under the IDEA for the education that the District allegedly failed to provide.

■ Plaintiffs maintain, however, that they can obtain compensatory damages under 42 U.S.C. § 1983, as could any civil rights plaintiff. Defendants respond that a Section 1983 cause of action is unavailable because the IDEA establishes a comprehensive remedial scheme that precludes such an action. Defendants' argument, however, ignores the 1986 amendments to the IDEA, codified in part at 20 U.S.C. § 1415(f), and the legislative history accompanying those amendments. *See* The Handicapped Children's Protection Act of 1986, Pub.L. No. 99–372, 100 Stat. 796 (1986); H.R. Conf. Rep. No. 99–687, 99th Cong., 2d Sess. (1986), *reprinted in* 1986 U.S.C.C.A.N. 1807, 1809 ("It is the conferees' intent that actions brought under 42 U.S.C. § 1983 are governed by [§ 1415(f) ].").

Section 1415(f) of the IDEA provides:

Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973, or other Federal statutes protecting the rights of children and youth with disabilities. . . .

20 U.S.C. § 1415(f). Congress added this section to the IDEA in order to overturn the Supreme Court's decision in *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), in which the Court held that the IDEA precluded claims under the Rehabilitation Act and the Equal Protection Clause. *See W.B. v. Matula,* 67 F.3d 484, 493 (3d Cir.1995) (describing in detail the legislative history of Section 1415(f)). The House Report made clear that "since 1978, it has been Congress' intent to permit parents or guardians to pursue the rights of handicapped children through [the IDEA], section 504 [of the Rehabilitation Act], and section 1983. . . . Congressional intent was ignored by the Supreme Court when . . . it handed down its decision in *Smith v. Robinson.*" *See* H.R. Rep. No. 99–296, 99th Cong., 1st Sess. 4 (1985), *quoted in W.B. v. Matula,* 67 F.3d at 494.

The Third Circuit has held that with Section 1415(f), Congress intended to permit Section 1983 actions to vindicate rights under the IDEA and that money damages may be awarded under Section 1983 for an IDEA violation. *See W.B. v. Matula,* 67 F.3d at 494–95. The Seventh Circuit also appears to assume, without having expressly decided, that damages are available in Section 1983 actions for IDEA violations. *See Charlie F. v. Bd. of Education of Skokie School District 68,* 98 F.3d 989, 991–93 (7th Cir.1996) (although IDEA does not provide directly for damages, plaintiff seeking damages could not avoid exhausting remedies under Section 1415(f) of IDEA). *See also Doe v. Alfred,* 906 F.Supp. 1092, 1098–1100 (S.D.W.Va.1995) (discussing the circuits' split over whether plaintiffs must exhaust their IDEA administrative remedies when filing a Section 1983 claim for damages).[5] By contrast, the Sixth Circuit has held that damages are not available under Section 1983 because the IDEA does not provide for them directly, *see Crocker v. Tennessee Secondary Sch. Athletic Assoc.,* 980 F.2d 382, 386–87 (6th Cir.1992), but the Sixth Circuit in *Crocker* did not address

---

**5.** The Second Circuit had reached the conclusion that Section 1983 provided a damages remedy in a case like this even before Congress enacted the Handicapped Children's Protection Act of 1986. *See Quackenbush v. Johnson City School District,* 716 F.2d 141, 147–49 (2d Cir.1983).

the legislative history of Section 1415(f). The D.C. Circuit has not addressed the issue of damages in a Section 1983 action brought for alleged violations of the IDEA.[6]

The Court is persuaded by the reasoning of the Third Circuit. The plain language of Section 1415(f) indicates that Congress intended to preserve all alternative civil rights remedies, including those available under Section 1983, to vindicate the rights created by the IDEA. If the statutory language were not clear enough, the legislative history makes explicit that Congress intended that aggrieved parents could bring Section 1983 actions when their children are denied their rights under the IDEA. Furthermore, as the Supreme Court has held, once a cause of action is established, courts should "presume the availability of all appropriate remedies unless Congress has expressly indicated otherwise." *Franklin v. Gwinnett County,* 503 U.S. 60, 66, 112 S.Ct. 1028, 1032, 117 L.Ed.2d 208 (1992). "[I]f a right of action exists to enforce a federal right and Congress is silent on the question of remedies, a federal court may order any appropriate relief." *Id.* at 69, 112 S.Ct. at 1034. Accordingly, plaintiffs may maintain a Section 1983 action here.

■ As in any Section 1983 action brought against a municipality, the burden is on the plaintiffs in this case to establish that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations. *See Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). The Court finds that plaintiffs' allegations, in conjunction with the evidentiary materials attached to their Reply, constitute sufficient support for their Section 1983 claim to survive defendants' motion to dismiss or for summary judgment. *See* DCPS Special Education Compliance Monitoring Annual Report for 1995–96 (finding that 46 out of 58 programs surveyed were out of compliance with federal and local laws and regulations); Correspondence regarding

fourteen other similarly situated plaintiffs, Attachments to Pls.'s Reply. On the other hand, plaintiffs' submissions do not establish that the District of Columbia has or had such a custom or practice. Accordingly, plaintiffs' motion for partial summary judgment must be denied.

## B. The Rehabilitation Act

Plaintiffs also allege a violation of Section 504 of the Rehabilitation Act. In order to state a claim under Section 504, generally a plaintiff must show that he or she was discriminated against "solely by reason of his [or her] handicap." 29 U.S.C. § 794. In the context of children who receive benefits pursuant to the IDEA, the D.C. Circuit has noted that " 'in order to show a violation of the Rehabilitation Act, something more than a mere failure to provide the "free and appropriate education" required by the [IDEA] must be shown.' " *Lunceford v. District of Columbia Board of Education,* 745 F.2d 1577, 1580 (D.C.Cir.1984) (quoting *Monahan v. Nebraska,* 687 F.2d 1164, 1170 (8th Cir. 1982)). "[E]ither bad faith or gross misjudgment must be shown before a Section 504 violation can be made out...." *Monahan v. Nebraska,* 687 F.2d at 1170–71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals"); *cf. Timms v. Metro. School District of Wabash County,* 722 F.2d 1310, 1317–18 & n. 4 (7th Cir.1983) (noting that Section 504 may not require a showing of intentional discrimination). Plaintiffs have alleged sufficient facts to raise a genuine dispute over whether District officials exercised gross misjudgment in Phillip's case, a dispute that can only be resolved at trial. *See* Complaint ¶¶ 17, 19, 21, 28, 34.

■ Furthermore, in view of the Supreme Court's admonition that courts are to presume the availability of all appropriate reme-

---

6. The Eighth Circuit has recognized that Section 1983 is available after enactment of the Handicapped Children's Protection Act of 1986 to vindicate rights under the IDEA, *Digre v. Roseville Schools Independent District,* 841 F.2d 245, 249–50 (8th Cir.1988), but in a subsequent, rather cryptic discussion it held that Section 1983 may not be invoked for alleged violations of the IDEA where money damages are sought. *See Heidemann v. Rother,* 84 F.3d 1021, 1033 (8th Cir. 1996).

dies, *see Franklin v. Gwinnett County,* 503 U.S. at 66, 70–71, 112 S.Ct. at 1032–33, 1035, the Court concludes that damages would be available if plaintiffs were to prevail on their Rehabilitation Act claim. *See Heidemann v. Rother,* 84 F.3d at 1032; *W.B. v. Matula,* 67 F.3d at 494; *cf. Dorsey v. U.S. Department of Labor,* 41 F.3d 1551, 1554 (D.C.Cir.1994) (characterizing the issue of whether compensatory damages are available under the Rehabilitation Act as "not entirely settled"). Since there are outstanding issues of material fact that preclude the entry of judgment for plaintiffs on the issue of liability, however, plaintiffs' motion for summary judgment will be denied.

### C. Punitive Damages

 Plaintiffs also seek punitive damages but such damages are not available against the District as a matter of law. *See City of Newport v. Fact Concerts,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Atchinson v. District of Columbia,* 73 F.3d 418, 425 (D.C.Cir.1996) (punitive damages are not available against the District of Columbia under federal law nor, except under extraordinary circumstances, under D.C. law). The claim for punitive damages therefore will be dismissed.

### III. CONCLUSION

The Court concludes that if plaintiffs prove their case at trial compensatory damages are available under Section 1983 for violations of the IDEA. Damages are also available under Section 504 of the Rehabilitation Act if plaintiffs prove at trial that the District of Columbia demonstrated bad faith or gross misjudgment in exercising its responsibilities under the IDEA. Punitive damages are not available. Accordingly, it is hereby

ORDERED that plaintiffs' motion for partial summary judgment is DENIED; it is

FURTHER ORDERED that defendants' motion to dismiss or for summary judgment is GRANTED in part and DENIED in part. Plaintiffs' claim for punitive damages is DISMISSED; and it is

FURTHER ORDERED that a status conference is scheduled for August 28, 1997 at 9:00 a.m., at which time the parties shall be prepared to discuss a pre-trial and trial schedule; a joint Rule 206 report shall be filed no later than August 25, 1997.

SO ORDERED.