**Thomas and Jean ZEARLEY, individually and as parents and next friends of Ian Zearley, a minor, et al., Plaintiffs,**

v.

**Arlene ACKERMAN, et al., Defendants.**

No. Civ.A. 98–2146RCL.

United States District Court,
District of Columbia.

Sept. 27, 2000.

Diana Marjorie Savit, Marvin L. Szymkowicz, Karp, Frosh, Lapidus, Wigodsky & Norwind, PA, Rockville, MD, for plaintiffs.

Robert C. Utiger, Scott Michael Leighton, Office of Corporation Counsel, D.C., Washington, DC, for defendants.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on the Motion To Dismiss Or, In The Alternative, For Summary Judgment filed by defendants Arlene Ackerman and the District of Columbia ("Defs.' Motion"), and the Motion For Partial Summary Judgment filed by plaintiffs Thomas and Jean Zearley, individually and as parents and next friends of Ian Zearley ("Pls.' Motion"). Upon consideration of those motions, the oppositions and replies thereto, the entire record herein and the relevant law, the Court denies defendants' motion in its entirety, and denies in part and grants in part plaintiffs' motion.

### 1. BACKGROUND

This is an action alleging violations of the Individuals with Disabilities Education Act, 42 U.S.C. § 1400 *et seq.* ("IDEA") and 42 U.S.C. § 1983. Ian Zearley is a nineteen year-old student in the District of Columbia who has been identified as disabled and whose education is therefore governed by the provisions of IDEA. (Plaintiffs' Statement Of Material Facts As To Which No Genuine Issue Exists at ¶ 8 ("Pls.' Statement ¶ __"); Defs.' Motion at 2.) On July 11, 1997, Ian's diagnosis was changed from "specifically learning disabled" to "seriously emotionally disturbed" and DCPS began to evaluate the recommendation that he be moved to a 24–hour residential placement. (Pls.' Statement ¶ 24; Defs.' Motion at 2.) By the beginning of the 1997–98 school year, DCPS had issued neither notice of a new placement nor notice that Ian should continue in his current placement. (Pls.' Statement ¶ 31; Defs.' Motion Exh. 12.) The Zearleys, therefore, enrolled Ian at Little Keswick School in Virginia, and took personal financial responsibility for the yearly tuition of almost $60,000. (Pls.' Statement ¶¶ 32, 36; Defs.' Motion at 3.)

While the Zearleys were informed orally that DCPS would accept and fund Ian's placement at Little Keswick, DCPS never issued a formal placement notice for 1997–1998 and paid Ian's tuition bills sporadically and incompletely. (Pls.' Statement ¶¶ 41, 42; Defs.' Motion at 7; Defendants' Opposition To Plaintiffs' Motion For Partial Summary Judgment at 2 ("Defs.' Opp.").) In addition, DCPS never completed an interstate compact placement request form, as required by Virginia law. (Pls.' Statement ¶ 50; Defs.' Motion at 7.)

On May 26, 1998, Little Keswick informed the Zearleys that unless DCPS completed the two page placement request form, Ian could not be enrolled at Little Keswick in the fall of 1998. (Pls.' Statement ¶ 50; Defs.' Motion at 7.) Furthermore, should DCPS not give written notice of Ian's fall placement, and officially accept financial responsibility, the Zearleys would be responsible for Ian's tuition. (Pls.' Statement ¶ 43; Defs' Motion at 7.) DCPS failed to complete the interstate placement form or provide any notice of Ian's fall placement before the start of the school year on September 5, 1998. (Pls.' Statement ¶¶ 50, 48, 54; Defs.' Motion at 9.)

On September 8, 1998, the Zearleys filed a complaint in this court and a motion for a temporary restraining order and preliminary injunction requiring DCPS to fill out the interstate compact placement request form. (Cplt. at ¶¶ 23–28.) The complaint also requested a declaratory judgment stating that DCPS had violated Ian's IDEA rights, permanent injunctive relief requiring DCPS to comply with IDEA and damages under 42 U.S.C. § 1983 for the violations to plaintiff's civil rights. (Cplt. at ¶¶ 21–33.) On September 14, 1998, the Zearleys filed a request to convene a due process hearing to address DCPS's failure to propose a placement for Ian for the 1998–99 year. (Pls.' Statement ¶ 61; Defs.' Motion at 9.) On September 24, 1998, this court issued a temporary restraining order requiring DCPS to complete the placement request form. DCPS subsequently completed the form and plaintiffs withdrew their request for a preliminary injunction.

During the course of the litigation, DCPS has reimbursed the Zearleys for their out-of-pocket expenses associated with the tuition for Little Keswick, paid Ian's tuition in full and issued a 1998–99 placement order for Ian. (Pls' Statement ¶¶ 42, 48, 57; Defs.' Mot. at 2.) However, DCPS has been sanctioned twice thus far in the litigation: first, for its failure to waive service of process under FRCP 4(d)(2) and second, for its failure to provide appropriate discovery responses. (Order Granting Motion For an Award of Costs and Fees; Order Granting Motion For Discovery Sanctions.) In addition, Ian left Little Keswick in November of 1999 due to worsening emotional problems. (Pls.' Statement ¶ 62; Defs.' Reply to Opp. at 2.) While the Zearleys have requested a meeting to revise his IEP, no such meeting had, as of March 2000, been scheduled. (Pls.' Opp. at 12, Exh. T & U.)

On February 29, 2000, defendants filed a motion to dismiss or, in the alternative, for summary judgment. On March 8, 2000, plaintiffs filed a motion for partial summary judgment. As explained in more detail below, the Court denies defendants' motion in its entirety, and denies in part and grants in part plaintiffs' motion for partial summary judgment.

## 2. ANALYSIS

There are four issues raised by the parties' cross-motions for dispositive judgment. These issues are (1) whether plaintiffs' IDEA claims are moot; (2) whether any material disputed facts remain regarding plaintiffs' IDEA claims; (3) whether alleged IDEA violations can constitute a claim for relief under 42 U.S.C. § 1983; and (4) whether defendants and plaintiffs have met their summary judgment burden with regards to plaintiffs' section 1983 claim.

### 1. Mootness

Defendants argue that since DCPS has complied with the requirements of IDEA by agreeing to Ian's placement and paying his educational costs, plaintiffs' IDEA claims are moot, and defendants are entitled to judgment as a matter of law. (Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment at 8 ("Defs.' Memo.").) Plaintiffs argue that an IDEA proceeding is a short-term action that falls under the doctrinal exception to mootness for action that is "capable of repetition yet evading review." (Plaintiffs' Memorandum of Points

and Authorities In Opposition To Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment at 12 ("Pls.' Memo.").)

■ The issue of mootness arises "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." *United States Parole Commission v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). In such a case, a court has no jurisdiction because Article III of the Constitution limits federal judicial power to resolution of cases and controversies. The doctrine of "capable of repetition yet evading review" is an exception to mootness for cases where the party can demonstrate that "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *United States v. Weston*, 194 F.3d 145 (D.C.Cir.1999).

■ The challenged action here is DCPS' failure to comply with its IDEA obligations to Ian Zearley over the 1997–1998 school year. It is well established that violations of IDEA satisfy both prongs of this test. *See, e.g., Honig v. Doe*, 484 U.S. 305, 322–23, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) *Jenkins v. Squillacote*, 935 F.2d 303, 306 (D.C.Cir.1991); *Petties v. District of Columbia*, 881 F.Supp. 63, 69 (D.D.C.1995) (holding that DCPS' history of delayed payments in identical circumstances created a "sufficient likelihood" that the behavior would be repeated). First, DCPS' failure to comply with its IDEA obligations is action too short to be fully litigated prior to its cessation. *See, e.g., Jenkins*, 935 F.2d at 306 (D.C.Cir.1991) ("there can be no doubt that a one-year placement order under the IDEA is, by its nature, too short in duration to be fully litigated prior to its expiration") (quoting *Honig*, 484 U.S. at 322–23, 108 S.Ct. 592). Second, Ian is eligible to receive educational placements under IDEA until his 21st birthday, and there is therefore a "reasonable expectation" that

Ian and his parents will be subject to the same action again. *See Jenkins*, 935 F.2d at 308 (holding that when a child would remain eligible under IDEA for at least eleven more years, there was a reasonable expectation that there would be more conflict over his educational needs). Moreover, the fact that, as of March of this year, Ian was again in need of a new placement and the Zearleys were again experiencing difficulties in obtaining a response from DCPS confirms that such an expectation is more than reasonable, and is, in fact, probable.

Since this case falls squarely within the "capable of repetition, yet evading review" exception to the mootness doctrine, plaintiffs' IDEA claims are not moot and may not be dismissed on that ground. Defendants' motion for summary judgment on the grounds that plaintiffs' IDEA claims are moot is therefore denied.

### 2. *IDEA Claims*

A motion for summary judgment is granted when "there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a summary judgment motion, all evidence and the inferences to be drawn from it must be considered in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party must show that there is insufficient "evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Plaintiffs claim that they are entitled to summary judgment on the issue of defendants' violations of IDEA. Plaintiffs argue that the facts material to a determination of defendants' liability are undisputed and that plaintiffs are therefore entitled to judgment as a matter of law. Under IDEA, every disabled child must be offered a "free appropriate public edu-

cation." 20 U.S.C. § 1400. To determine whether a child has been deprived of such an education, a court must determine whether (1) the state complied with the procedures set forth in IDEA and (2) the individualized educational program developed through the Act's procedures is reasonably calculated to enable the child to receive educational benefits. *Board of Education of Hendrick Hudson Central School District, Westchester County v. Rowley,* 458 U.S. 176, 206–07, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982).

Plaintiffs have provided ample evidence showing that defendants have failed to comply with the procedures set forth in IDEA. Defendants have failed to provide a timely placement for Ian during the 1997–98 school year, to pay in a timely fashion for a placement found by the Zearleys, and to perform basic administrative tasks regarding Ian's case. (Plaintiffs' Statement of Material Facts.) Defendants' actions constitute a failure to both provide and maintain a placement that meets the needs identified in Ian's Individualized Education Program ("IEP") and are therefore in violation of 20 U.S.C. § 1415. *See Petties v. District of Columbia,* 888 F.Supp. 165, 170 (D.D.C.1995) (reaffirming prior holding that "maintenance of the placement includes full payment for the program in which the student is placed"); *see also Reusch v. Fountain,* 872 F.Supp. 1421, 1426 (D.Md.1994) (holding that "systematic or unreasonable delays in the implementation of IEPs violate [IDEA]").

Once the moving party has met its burden on a motion for summary judgment, the opposing party has an opportunity to show that there is dispute as to the material facts in the case. The opposing party cannot rest upon its allegations, but must "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. The *Anderson* court further held that "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reason-

ably find for the [non-moving party]." *Id.* at 252, 106 S.Ct. 2505.

Defendants have failed to meet their summary judgment burden regarding plaintiffs' IDEA claims. Defendants' attempts to cast the facts on which plaintiffs rely into dispute effectively support, rather than rebut, plaintiffs' claims. In an attempt to rebut plaintiffs' allegations that defendants failed to maintain Ian's placement by paying for it in a timely manner, defendants explicitly admit that "tuition payments were not made according to Little Keswick's schedule. However, all payments due Little Keswick were eventually made." (Defs.' Opp. at 2). The fact that payments were eventually made does not cast in dispute plaintiffs' allegations (and evidence in support thereof) that DCPS' failure to make payments on a timely schedule threatened Ian's continued education and forced the Zearleys to privately subsidize portions of that education.

Similarly, defendants use documents to buttress their case that provide more support for plaintiffs' allegations than for defendants' defense. For example, apparently in an attempt to rebut plaintiffs' allegations that defendants' failed to provide a timely placement for Ian, defendants state that "[o]nce all the reports and assessments were completed, Dr. Booker contacted Dr. Geleta requesting residential placement for Ian." Defs.' Opp. at 4. The evidence in support of this statement shows that this contact was made on August 12, 1997, and again on August 26, 1997. In the absence of any evidence that DCPS had proposed any alternate or continuing placement for Ian for the 1997–1998 school year, this letter appears to support plaintiffs' claim that DCPS failed to provide a timely placement for Ian.

Defendants cannot, in all good faith, deny the claims that plaintiffs have made with regards to defendants' violations of IDEA. There is an absence of evidence on which a reasonable jury could find for defendants, and the Court therefore grants

plaintiffs' motion for summary judgment on their IDEA claims.

### 3. *Section 1983 Claims*

Before addressing whether plaintiffs' or defendants' motions for summary judgment should be granted with regard to plaintiffs' section 1983 claims, the Court must first address defendants' motion to dismiss.

#### 1) *Motion to Dismiss*

Defendants bring their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), alleging that plaintiffs have not stated a claim upon which relief may be granted. A motion to dismiss should be granted when it appears "beyond doubt" that there is no set of facts that plaintiffs can prove that will entitle them to relief. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C.Cir.2000). Defendants argue that "claims based upon alleged violations of the IDEA may not be pursued in Section 1983 actions." (Defs.' Motion at 10.)

The circuits are split on the issue of whether section 1983 claims may be premised on IDEA violations. Several of the circuits have dismissed such cases, finding compensatory damages to be inconsistent with the purpose of IDEA, namely providing a free education. *See, e.g., Sellers v. School Bd.*, 141 F.3d 524 (4th Cir.1998); *Heidemann v. Rother*, 84 F.3d 1021 (8th Cir.1996); *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 980 F.2d 382 (6th Cir. 1992). The Third Circuit (and a number of district courts) have relied on the Court's decision in *Franklin v. Gwinnett County Pub. Schs.* to uphold such claims. 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992). In *Franklin*, the Court held that there is an implied right of action for money damages under Section 1983 pursuant to Title IX of the Education Amendment of 1982. *See, e.g., Ridgewood Bd. of Educ. v. N.E.*, 172 F.3d 238, 252 (3d Cir. 1999); *W.B. v. Matula*, 67 F.3d 484 (3d Cir.1995); *R.B. v. Board of Education of the City of New York*, 99 F.Supp.2d 411, 416 (S.D.N.Y.2000).

■ While the D.C. Circuit has not yet addressed this issue, this court has found the analysis of the Third Circuit, in particular its extension of *Franklin* to IDEA claims, persuasive. *See Walker v. District of Columbia*, 969 F.Supp. 794 (D.D.C. 1997). Plaintiffs' claim for relief under section 1983 may therefore be based upon violations of IDEA. Since defendants have raised no other issues regarding the remainder of plaintiff's allegations, plaintiffs have stated a claim upon which relief may be granted and defendants' motion to dismiss is denied.

#### 2) *Motion for Summary Judgment*

■ Plaintiffs and defendants have also filed cross-motions for summary judgment on the issue of plaintiffs' section 1983 claims. In a section 1983 claim brought against a municipality, the plaintiff must prove that the District of Columbia has a "custom or practice that is the moving force behind the alleged IDEA violations." *See Walker, supra*, 969 F.Supp. at 797. On a motion for summary judgment, a party may not rest upon its pleadings or repeat allegations, but must provide affirmative evidence supporting its claim, evidence from which a reasonable jury could find for that party. *See Anderson, supra*, 477 U.S. at 252, 106 S.Ct. 2505.

■ Plaintiffs have provided sufficient evidence to survive defendants' motion for summary judgment. Plaintiffs' motion first argues that "DCPS' failure to monitor special education students in private placements is an acknowledged agency policy" and that therefore "there is no question that DCPS' policy violates an unambiguous IDEA right." (Pls.' Memo at 9.) The evidence advanced to support this 'acknowledged agency policy' comes from the deposition of the residential services coordinator, Dr. Ava Hughes–Booker, in another case pending in this court. The transcripts provide support for plaintiffs' claim that defendants do not monitor IDEA recipients in private placements. (Pls.' Motion, Exh. F.)

Defendants argue that this evidence is inadmissible.[1] The evidence is admissible, but not for the reasons advanced by plaintiffs. Plaintiffs argue that this evidence is admissible under Fed. R.Ev. 201, which governs judicial notice of adjudicative facts. However, the statements at issue are more appropriately characterized as admissions against interest, and are therefore exempt from the hearsay rule. These admissions are statements made "by a person authorized by the party to make a statement concerning the subject." Fed.R.Ev. 801(d)(1)(C). Dr. Booker, as the designee of the superintendent of DCPS, was acting as an agent of DCPS and made the statements within the scope of her authority. *See McKesson Corp. v. Islamic Republic of Iran,* 185 F.R.D. 70 (D.D.C.1999) ("[designees'] statements are admissible as an admission of the entity"). This transcript is therefore admissible as evidence and can be used to support a motion for summary judgment. *See* Fed.R.Civ.Pro. 56(e) ("Supporting and opposing affidavits ... shall set forth such facts as would be admissible in evidence"); *Commercial Drapery Contractors, Inc. v. United States,* 133 F.3d 1, 8 (D.C.Cir.1998).

Plaintiffs' second claim is that DCPS' financial delinquencies are "so open and notorious" that they can "only be the result of deliberate indifference on the part of the high-level policy makers with the ability to stop it." Pls.' Memo at 10. This argument, when translated into the language of the standard for section 1983 violations, is that while the DCPS' financial delinquencies are not the result of an explicit policy, they are the result of official "acquiescence in a longstanding practice or custom which constitutes the standard operation procedure of the local government entity." *Jett v. Dallas Indep. School District,* 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) (quoted in Defs.' Reply to Opp. at 4). While it is true, as defendants argue, that plaintiffs have not provided evidence of an official policy, they have provided evidence of a "longstanding practice or custom." They have presented evidence of a lawsuit from five years ago, in which the court found exactly the same allegations of financial delinquencies threatening the standing of disabled students at private schools to be supported by the evidence. (*See Petties, supra,* 881 F.Supp. 63) (finding that DCPs' delinquent payment practices were longstanding and had not changed "except in a piecemeal fashion in response to litigation"). Plaintiffs have therefore provided sufficient evidence to survive defendants' motion for summary judgment by showing evidence of an ongoing custom. Defendants' summary judgment motion is therefore denied.

While the evidence provided by plaintiffs is sufficient to survive a motion for summary judgment, it is insufficient to convince the court that no material issues of fact remain. Defendants' argument that DCPS does monitor students at private schools by requiring that the schools provide quarterly reports, which reports are reviewed by a multidisciplinary team, raises a factual dispute that cannot be disposed of on a motion for summary judgment.[2] (Defs.' Opp. at 6.) Plaintiffs' motion for summary judgment on the issue of

---

1. Defendants' reference in a footnote to the fact that "plaintiffs have provided the Court with a partial transcript of a deposition of Dr. Booker in an unrelated case" has been liberally translated by this court into an evidentiary objection. Defs.' Opp. at 6.

2. Plaintiffs' request that defendants be precluded from raising any defenses to their claims due to their refusal to comply with discovery requests and orders is inapplicable to this issue. The discovery requests at issue focused on obtaining documents related to the specific facts of Ian's case. They did not relate to requests for documents related to the policies and practices of DCPS with regards to private school placement and monitoring, and payment scheduling. While this court finds deplorable the District's history of failures to respond to discovery, it would be inappropriate to preclude DCPS from raising defenses on claims that plaintiffs' discovery did not directly address. *See Webb v. District of Columbia,* 189 F.R.D. 180, 186 (1999) (documenting the history of discovery sanctions against the District of Columbia).

defendants' section 1983 violations is therefore denied.

### III. *Conclusion*

For the reasons stated above, the Court holds that plaintiffs' IDEA claims are not moot, and that defendants have not raised a defense to these claims. The Court therefore grants plaintiffs' motion for summary judgment and denies defendants' motion for summary judgment on the issue of plaintiffs' IDEA claims. The Court further holds that a claim under 42 U.S.C. § 1983 may be based upon IDEA violations and that both plaintiffs and defendants have not met their summary judgment burden with regards to these claims. The Court therefore denies both plaintiffs' and defendants' motions regarding plaintiffs' section 1983 claims. A separate order shall issue this date.

### ORDER

Upon consideration of plaintiffs' motion for partial summary judgment, memorandum of points and authorities in support thereof, statement of material facts as to which no genuine issue exists, exhibits, defendants' opposition, and the entire record herein, and it appearing for the reasons set forth in an accompanying memorandum opinion that the motion should be denied with regards to claims of violations of 42 U.S.C. § 1983 and granted with regards to claims of violations of the Individuals with Disabilities Education Act, it is, hereby

ORDERED: That plaintiffs' motion with regards to violations of the Individuals with Disabilities Education Act is granted; and it is

FURTHER ORDERED: That judgment is entered in plaintiffs' favor with respect to violations of the Individuals with Disabilities Education Act and plaintiffs shall be awarded reasonable attorneys' fees and expenses; and it is

FURTHER ORDERED: That the court hereby DECLARES that defendants violated plaintiffs' rights under the Individuals with Disabilities Education Act; and it is

FURTHER ORDERED: That because minor plaintiff has withdrawn from his most recent special education placement and accordingly no relief is currently needed with respect to Counts Two and Three of the complaint, no further action will be taken as to those counts; and it is

FURTHER ORDERED: That plaintiffs' motion with regards to violations of 42 U.S.C. § 1983 is DENIED.

### ORDER

Upon consideration of defendants' motion to dismiss or, in the alternative for summary judgment, memorandum of points and authorities in support thereof, statement of material facts as to which no genuine issue exists, plaintiffs' opposition and statement of genuine issues, and the entire record herein, and it appearing for the reasons set forth in an accompanying memorandum opinion that the motion should be denied in its entirety, it is hereby

ORDERED: That defendants' motion is DENIED.