**R.S. et. al., Plaintiff,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**No. CIV.A. 03–1811(ESH).**

United States District Court, District of Columbia.

Nov. 17, 2003.

Charles C. Iweanoge, Iweanoge & Anwah, P.A., Washington, DC, for Plaintiff.

Edward P. Taptich, Corporation Counsel's Office for DC, Washington, DC, for Defendants.

## MEMORANDUM OPINION

HUVELLE, District Judge.

The minor child ("R.S.") and her mother have sued the District of Columbia and the Superintendent of the D.C. Public Schools alleging violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1415 *et seq.* ("IDEA"), as well as plaintiffs' due process rights, by denying R.S. a free appropriate public education ("FAPE") as required by IDEA, inadequately evaluating R.S.'s educational needs and providing inadequate services, denying R.S. a compensatory education, failing to give plaintiffs access to all of R.S.'s records, and not providing a fair hearing (Counts I—X). Plaintiffs also allege that defendants' failure to provide a FAPE violates Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Count I). Defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and (b)(1) for failure to state a claim and lack of subject matter jurisdiction.

## BACKGROUND

R.S. is a fourteen-year-old disabled child eligible for services under IDEA. (Compl.¶ 2.) She and her mother became dissatisfied with the educational services provided to R.S. (Compl.¶¶ 9–20.) Specifically, plaintiffs allege that R.S. was not provided occupational or physical therapy or evaluated frequently enough, and that defendants' reevaluation of R.S.'s educational needs on November 15, 2002 was inadequate because, *inter alia,* neither a psychologist nor a speech therapist was present, and plaintiffs were not informed of their right to request reevaluation. (*Id.* ¶¶ 9–10, 12–13, 16, 18, 20.)

Alleging that defendants failed to provide a FAPE, plaintiffs requested a due process hearing, which was held on June 10, 2003. (*Id.* ¶¶ 21–22.) The hearing officer found for defendants, holding that R.S. was not denied a FAPE, nor did defendants violate IDEA by performing triennial evaluations of R.S.'s educational needs. (*Id.* ¶ 22; Hearing Officer's Decision at 5–7 (June 24, 2003) ["HOD"].) Plaintiffs allege that the hearing was not conducted appropriately because the hearing officer considered documents not previously disclosed by defendants and that the hearing officer's decision was not rendered in a timely

fashion and was unsupported by the evidence. (Compl. ¶ 23, 25.) On July 18, 2003, plaintiffs filed a motion for reconsideration of the HOD. (Hearing Officer's Order on Mot. for Recons. ["Hearing Off. Order"] at 3 (Aug. 4, 2003).) The hearing officer denied this motion, indicating the "regulations governing due process hearings under IDEA make no provision for motions for reconsideration." (*Id.*) On August 28, 2003, plaintiffs filed the present lawsuit.

## LEGAL ANALYSIS

### I. Statute of Limitations

Defendants argue dismissal is warranted because plaintiffs did not file their appeal within thirty days after the agency's decision. While plaintiffs do not dispute that their appeal did not meet the thirty-day rule, they argue that the thirty-day period was tolled because they filed a motion for reconsideration.[1] As both parties recognize, under *Spiegler v. District of Columbia*, 866 F.2d 461 (D.C.Cir.1989), this Circuit has, for purposes of IDEA, borrowed the thirty-day appeal period for review of administrative decisions from D.C. Court of Appeals Rule 15(a).[2] But the question here is whether the tolling provision of D.C. Court of Appeals Rule 15(b)[3] should also be borrowed for purposes of determining the timeliness of an appeal from an administrative ruling in an IDEA case.

This appears to be a question of first impression.

■ In deciding this matter, however, the Court finds guidance in the Circuit's opinion in *Spiegler.* As recognized there, where Congress has failed to establish a statute of limitations for a federal cause of action, "federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies." 866 F.2d at 463–64. While the Circuit recognized that other circuits have chosen the longer statute of limitations applicable to civil actions, it decided that it was more appropriate to treat an IDEA appeal as an administrative appeal, thus justifying the application of a shorter 30–day limitations period. *Id.* at 464, 467–68. In reaching this result, the Court was mindful that a compressed appeal period could impose hardship on parents or guardians. *Id.* at 467. To mitigate against this, the Court imposed a strict notice requirement on the local agency, *id.,* as well as incorporated "the state's tolling ruling with the underlying limitations period to the extent they are consistent with federal law." *Id.* at 468–69. In particular, the Court observed:

> We further note, in light of the remedial nature of the Act, that principles of equitable tolling may properly extend the

---

**1.** Following the June 24, 2003 HOD, plaintiffs filed a motion for reconsideration on July 18, 2003. (Pl.'s Opp. at 2.) The hearing officer denied that motion on August 1, 2003. (Defs.' Mot. at 6 n. 1.) Twenty-eight days later, on August 28, 2003, plaintiffs filed their complaint.

**2.** Rule 15(a) provides:

Review of orders and decisions of an agency shall be obtained by filing with the clerk of this court a petition for review within thirty days after notice is given, in conformance with the rules or regulations of the agency, of the order or decision sought to

be reviewed (unless an applicable statute provides for a different time for filing said petition)....

**3.** Rule 15(b) provides:

The running of the time for filing a petition for review is terminated as to all parties by the timely filing, pursuant to the rules of the agency, of a petition for rehearing or reconsideration. The time for filing a petition for review as fixed by section (a) of this rule commences from the date when notice of the order denying the petition is given pursuant to section (a) of this rule.

30–day time limit so as not to bar, in the jurisdictional sense, a Section 1415(e)(2) action otherwise properly presented to a reviewing court.

*Id.* at 468.

■ Application of these principles leads the Court to reject defendant's position here. As recognized by *Spiegler,* the 30–day time limit should not be applied rigidly, and since there is a tolling provision explicitly provided for in D.C. Court of Appeals Rule 15(b), it logically follows that it too should be borrowed, along with the provisions of Rule 15(a). This conclusion is bolstered by reference to the D.C. Circuit's decision in *Albertson v. Fed. Communications Comm'n,* 182 F.2d 397 (D.C.Cir.1950), where the Court found in the FCC administrative context that a motion to reconsider an order dismissing an application for rehearing tolled the filing period for appeal even though the Commission's rules did not provide for a motion to reconsider. As noted by the Court, since there was no statutory prohibition to such a motion, the Commission had the authority to reconsider a decision, for

> [t]he power to reconsider is inherent in the power to decide. Therefore, in the absence of any specific limitation such a

motion may be filed within the period for taking an appeal.

*Id.* at 399.[4]

Given the teaching of *Spiegler* and *Albertson,* defendants' argument that one cannot invoke Rule 15(b)'s tolling provision because the rule is limited to situations where a petition for reconsideration is permitted by the rules of the agency is unpersuasive. (Defs.' Reply at 4–5.) Admittedly neither the IDEA nor any relevant regulation provides for a motion for rehearing, and the HOD did in fact inform the plaintiffs of the 30–day appeal period, but the absence of a statutory or regulatory provision providing for such motions does not preclude the Court from borrowing Rule 15(b). For, as demonstrated by *Albertson,* where there is no statutory or regulatory prohibition against motions for reconsideration, such motions are permitted. Further, given *Spiegler's* admonition that the Court "must take the state's tolling rules with the underlying limitations period to the extent they are consistent with federal law," 866 F.2d at 469, this Court concludes that Rule 15(b) should be applied, and plaintiffs' complaint will not be rejected as time barred.

## II. Rehabilitation Act Claim

■ Defendants have also moved under Fed.R.Civ.P. 12(b)(6) to dismiss plaintiffs' Rehabilitation Act claim.[5] A motion

---

4. In this case, the hearing officer, unlike the FCC in *Albertson,* declined to reconsider his decision on the grounds that the IDEA has no provision for motions for reconsideration. This difference is of no significance, since the hearing officer's observation, while correct, does not resolve the issue of whether one can file a motion for reconsideration and thereby toll the time period for filing an appeal.

5. In the alternative, defendants argue that plaintiff's Rehabilitation Act claim should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). (Defs.' Mot. at 2–3, 7.) Defendants contend that the Supreme Court's decision in *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), dictates that the IDEA

preempts Rehabilitation Act claims related to free appropriate public education for handicapped children. (Defs.' Mot. at 3.) Defendants' argument is legally flawed, for the D.C. Circuit has recognized that Congress superseded *Smith* when it passed the Handicapped Children's Protection Act, now codified at 20 U.S.C. § 1415(*l*). *Abney v. District of Columbia,* 849 F.2d 1491, 1494 n. 2 (D.C.Cir.1988) (noting that "Congress effectively nullified the Court's holding in *Smith* when it passed the Handicapped Children's Protection Act"); *see also Mrs. W. v. Tirozzi,* 832 F.2d 748, 751 (2d Cir.1987) (recognizing that "[t]he new § 1415(f) [now § 1415(*l*)] states that the provisions of the EHA [the predecessor to the IDEA] do not provide the exclusive avenue for redress available to handicapped children,

to dismiss should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C.Cir.2000) (citations omitted). To state a claim under Section 504 of the Rehabilitation Act, "a plaintiff must show that he or she was discriminated against solely by reason of his [or her] handicap." *Walker v. District of Columbia*, 969 F.Supp. 794, 797 (D.D.C.1997) (internal quotations omitted). In the context of handicapped children seeking IDEA benefits, the D.C. Circuit has noted that "something more than a mere failure to provide the 'free appropriate education' required by [IDEA] must be shown." *Lunceford v. D.C. Bd. of Educ.*, 745 F.2d 1577, 1580 (D.C.Cir.1984) (quoting *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir.1982)). A plaintiff must show bad faith or gross misjudgment on the part of a defendant. *Walker*, 969 F.Supp. at 797.

■ In the instant case, plaintiffs have alleged that defendants failed to provide a free and appropriate public education. (Compl.¶¶ 12–13, 15–18, 20, 23, 25.) Although plaintiffs allege that the hearing officer was incorrect in concluding that R.S. received a free and appropriate public education and that the hearing officer considered inadmissible evidence (Compl.¶¶ 23, 25), nothing in the complaint suggests an allegation of bad faith or gross misjudgment. Though the threshold to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is relatively low, plaintiffs' failure to allege any facts that would tend to support a claim under Section 504 renders dismissal of this claim appropriate.

## III. Section 1983 Claim

■ Defendants also argue that plaintiffs have failed to state a claim for relief under Section 1983. "IDEA violations can be the predicate for a § 1983 claim based on those statutory violations." *Johnson v. District of Columbia*, 190 F.Supp.2d 34, 46–47 (D.D.C.2002). The court in *Walker* adopted a four-part test for such claims, requiring plaintiffs to show: (1) that the defendant violated IDEA; (2) that "exceptional circumstances" exist, such that the conduct of the defendant causing the IDEA violation was "persistently egregious and prevented or frustrated [plaintiff] from securing equitable relief under the IDEA"; (3) that the "District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations"; and (4) that "normal remedies offered under the IDEA—specifically, compensatory education—are inadequate to compensate [plaintiff] for the harm that he [or she] allegedly has suffered." *Walker v. District of Columbia*, 157 F.Supp.2d 11, 30 (D.D.C.2001); *see also Jackson v. District of Columbia*, Civil No. 02–968, Memorandum Opinion at 8–9 (D.D.C. Sept.

and that § 504 of the Rehabilitation Act of 1973 .. may be used as [a remedy] to enforce EHA educational rights, subject to the Act's existing exhaustion requirements"); *Board of Educ. v. Diamond*, 808 F.2d 987, 995–96 (3d Cir.1986) (recognizing that Congress overruled *Smith's* holding that the EHA—the predecessor to IDEA—was the sole avenue through which claims for a free appropriate public education could be asserted). Section 1415(*l*) provides in pertinent part: Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, ... title V of the Rehabilitation Act of 1973 ... or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures ... of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

21, 2003) (EGS). Some district court decisions consider only the first and third factors of this test. *See, e.g., Johnson,* 190 F.Supp.2d at 46–47; *Zearley v. Ackerman,* 116 F.Supp.2d 109, 114 (D.D.C.2000).

Here, while plaintiffs have alleged that defendants inappropriately denied R.S. a free and appropriate public education by failing to conduct reevaluations and by providing an allegedly inadequate review process (Compl.¶¶ 12–13, 15–18, 20, 23, 25), they have failed to allege any exceptional circumstances or persistently egregious conduct by defendants which has prevented plaintiffs from obtaining equitable relief, and they have made no claim of any custom or practice giving rise to the underlying IDEA violation. Even though the D.C. Circuit has not required a plaintiff to "plead law or match facts to every element of a legal theory," *Sparrow,* 216 F.3d at 1115, it still requires that the complaint "include some factual basis for the allegation of a municipal policy or custom." *Atchinson v. District of Columbia,* 73 F.3d 418, 422 (D.C.Cir.1996). That has not been done here, and thus, the motion to dismiss will be granted.[6]

## CONCLUSION

For the aforementioned reasons, this Court will deny defendants' motion to dismiss as to plaintiffs' claim for administrative review under IDEA, but it will grant without prejudice defendants' motion as to plaintiffs' claims under Section 504 of the Rehabilitation Act and Section 1983. A separate Order accompanies this Memorandum Opinion.

---

6. In their opposition, plaintiffs seek leave to amend their complaint. (Pls.' Opp. at 3–5.) Fed.R.Civ.P. Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ.

## *ORDER*

For the reasons given in the attached Memorandum Opinion, it is hereby

**ORDERED** that defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**; it is

**FURTHER ORDERED** that defendants' motion to dismiss plaintiffs' claim for relief under IDEA, 20 U.S.C. § 1415 et seq., is **DENIED**; it is

**FURTHER ORDERED** that plaintiffs' claim for relief under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, is **DISMISSED WITHOUT PREJUDICE**; it is

**FURTHER ORDERED** that plaintiff's claim under 42 U.S.C. § 1983 based on a violation of R.S.'s due process rights is **DISMISSED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that this matter is set down for an initial scheduling conference on December 17, 2003, at 10:45 a.m.

**SO ORDERED.**

Proc. 15(a). A motion to dismiss is not considered a responsive pleading for purposes for Rule 15(a). *James V. Hurson Assoc., Inc. v. Glickman,* 229 F.3d 277, 283 (D.C.Cir.2000). Therefore, plaintiffs remain free to amend their complaint if they so choose.