**Gloria ADAMS, as next friend of the minor child, Daniel ADAMS, et al., Plaintiffs,**

**v.**

**DISTRICT OF COLUMBIA, Defendant.**

No. Civ. 01–554(RJL).

United States District Court, District of Columbia.

Sept. 30, 2002.

Paul S. Dalton, Dalton & Dalton, P.C., Alexandria, VA, for Plaintiffs.

Charlotte Anne Bradley, Washington, DC, for Defendant.

### Memorandum Opinion

LEON, District Judge.

This case comes before the Court on defendant's motion to dismiss and to sever parties and claims. Plaintiffs seek attorney's fees and costs pursuant to 42 U.S.C. § 1983 and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400. Defendants move to dismiss the action on two separate grounds: (1) plaintiffs are not "prevailing parties" that are entitled to attorney's fees under the IDEA; (2) plaintiffs failed to state a claim under 42 U.S.C. § 1983. Defendants also move to sever the parties and issues. For the reasons set forth below, the Court grants the defendant's motion to dismiss and denies the defendant's motion to sever the parties and issues.

### I. Background

IDEA guarantees children with disabilities a free and appropriate public education, emphasizing a special education that meets students' particular needs. 20 U.S.C. § 1400(d)(1)(A). To reach this goal, Congress conditioned funding on school districts establishing procedures to safeguard the students. School districts, for example, must set up individualized education plans ("IEPs") for disabled children. 20 U.S.C § 1415(d)(2)(A). If the parents feel that their children's needs are not being met, they have a right to an "impartial due process hearing," 20 U.S.C § 1415(f)(1), and at the hearing the parents have "the right to be accompanied and advised by counsel," 20 U.S.C § 1415(h)(1). If the parents are "aggrieved" by the administrative hearing, they can file a civil action with a federal or state court. 20 U.S.C § 1415(i)(2)(A). Importantly, IDEA also includes a fee-shifting provision: "In any action or proceeding, ... the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1451(i)(3)(B).

The plaintiffs alleged violations by the defendant, the District of Columbia Public Schools System ("DCPS"), under IDEA. All 159 plaintiffs subsequently either entered into a written settlement agreement with the defendant, participated in an administrative hearing, or both. DCPS paid attorney's fees to each plaintiff, but plaintiffs claim in the present action that they are entitled to the difference between the amount already paid and the amount they claimed as a prevailing party (i.e., the full market rate for attorney's fees) under either IDEA or, in the alternative, under 42 U.S.C. § 1983. DCPS seeks to dismiss all claims based on either its contention that a settlement agreement does not qualify the plaintiffs as "prevailing parties" or because plaintiffs failed to state a claim under 42 U.S.C. § 1983. DCPS also move to sever the parties and issues.

### II. Discussion

The Court cannot grant a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). Thus in evaluating the defendant's motion the Court will assume the truth of all of the factual allegations set forth in the plaintiff's complaint. *See Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C.Cir.1985), and will construe the complaint liberally in favor of the plaintiff. *Schuler v. United States*, 617 F.2d 605, 608 (D.C.Cir.1979).

### A. Buckhannon *and* Settlement *of* IDEA *Claims*

The plaintiffs seek attorney's fees as a "prevailing party" under 20 U.S.C. § 1451(i)(3)(B). Whether the plaintiffs are prevailing parties, however, depends on the application of the Supreme Court's decision in *Buckhannon Board & Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In *Buckhannon*, the Supreme Court rejected the so-called "catalyst theory" for acquiring attorney's fees, *id.* at 605, 121 S.Ct. 1835, which contends that a plaintiff can qualify for attorney's fees if the lawsuit brought about a voluntary change in the defendant's conduct. *Id.* at 601, 121 S.Ct. 1835. In *Buckhannon*, for example, the plaintiff alleged that its lawsuit caused the state legislature to revoke the statutory clause at issue in the case, thus rendering moot the plaintiff's action.

*Id.* at 601, 121 S.Ct. 1835. The Supreme Court held that this type of nonjudicial and voluntary action does not warrant characterizing the plaintiff as a prevailing party under applicable fee-shifting provisions. Instead, the Supreme Court held that there must be a "judicially sanctioned change in the legal relationship of the parties" for the plaintiff to be awarded attorney's fees as a prevailing party. *Id.* at 604, 121 S.Ct. 1835.[1]

While *Buckhannon* involved the American with Disabilities Act of 1990 and the Fair Housing Amendments Act of 1988, the Supreme Court's ruling was clearly intended to apply to fee-shifting provisions beyond those considered in *Buckhannon*. Indeed the Supreme Court: (1) emphasized that Congress enacted fee-shifting provisions in many statutes; (2) noted that it has "interpreted these fee-shifting provisions consistently," *id.* at 604 n. 4, 121 S.Ct. 1835 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)); and (3) cited *Hensley v. Eckerhart*, where it had previously emphasized that the "standards" for interpreting "prevailing party" in fee-shifting statutes "are generally applicable to all cases in which Congress has authorized an award of fees to a 'prevailing party'" 461 U.S. at 433 n. 7, 103 S.Ct. 1933. Moreover, this circuit recently held that the *Buckhannon* decision not only applies broadly to fee-shifting provisions, *see Oil, Chemical and Atomic Workers International Union v. Department of Energy*, 288 F.3d 452, 455 (D.C.Cir.2002), but that voluntary settlement agreements reached before, or during, an "action or proceeding" is not a

---

1. A defendant's voluntary change, according to the Supreme Court, lacks the "necessary judicial *imprimatur,*" adding in a footnote that

> [p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to

enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal.

*Buckhannon*, 532 U.S. at 604 n. 7, 121 S.Ct. 1835.

sufficient basis to qualify a plaintiff as a prevailing party eligible to receive attorney's fees. *Id.* at 459.[2]

In *Oil, Chemical and Atomic Workers*, a union requested information from the United States Enrichment Corporation ("USEC") under the Freedom of Information Act ("FOIA"). When the USEC refused to provide the requested information, the union brought a civil action in federal court. The district court denied the USEC's motion to dismiss, substituted the Department of Energy as defendant, and held several status conferences. Following these actions by the district court, the parties dismissed the claim with prejudice, stating that the government had provided a substantial amount of the requested material. The district court endorsed the order of dismissal. *Id.* at 453. The issue was whether the union was a prevailing party, and thus eligible for court-ordered attorney fees, in light of the *Buckhannon* decision.

This circuit held that, because the district court did not grant "judicial relief," the union was not entitled to attorney's fees. *Id.* at 459. That is, although the district court endorsed the order of dismissal, the court did not in any way change the legal status of the parties. It reasoned that, unlike consent decrees, the court assumes no oversight role once the

order is signed. The court even made clear both that the court's order that the Energy Department complete its record review in sixty days is "not judicial relief on the merits of the union's complaint" and that "[s]urviving a motion to dismiss does not alter the legal relationship between parties." *Id.* at 458. Thus, plaintiffs arriving at a settlement agreement, without further evidence of specific judicial relief, are not entitled to attorney's fees.

The Second Circuit has also found that settlement agreements do not warrant awarding attorney's fees to the plaintiffs, specifically applying the finding to IDEA cases. In *J.C. v. Regional School District 10*, the Second Circuit held that an IDEA settlement agreement, which was reached soon after the plaintiff field a request for a due process hearing, did not generate a prevailing party under the terms of the fee-shifting provision. 278 F.3d at 124.

In this case, a settlement agreement at the IEP stage, prior to a due process hearing, does not have the necessary "judicial imprimatur" required by *Buckhannon*. While the statute specifies that plaintiffs can recover attorney's fees for "proceedings" and "actions," Congress specifically excluded IEP programs from attorney fees under Section

---

**2.** Although it is clear that *Buckhannon* should be applied to other similar fee-shifting provisions, courts have issued differing opinions on whether settlement agreements reached at various stages of litigation entitle plaintiffs to attorney's fees. *See, e.g., Barrios v. California Interscholastic Federation,* 277 F.3d 1128 (9th Cir.2002) (finding that *Buckhannon* did not extend to settlement agreements); *Heintz,* No. 01–CV–1124 (finding that *Buckhannon's* language prevented a settling plaintiff from claiming prevailing-party status); *Johnson v. District of Columbia,* 190 F.Supp.2d 34 (D.D.C. March 28, 2002) (finding that *Buckhannon* does not prevent plaintiffs that settle during an administrative or federal civil ac-

tion from receiving attorney's fees); *Akinseye v. District of Columbia,* 193 F.Supp.2d 134 (D.D.C.2002) (finding that *Buckhannon* prevented settling plaintiff from claiming prevailing-party status). Although Judge Walton suggested in *Akinseye* that "whether the Supreme Court intended for *Buckhannon* to encompass administrative agency level settlement agreements is not, in this Court's view, absolutely clear," Civ No. 01–1769, the D.C. Circuit's recent decision in *Oil, Chemical and Atomic Workers* clarifies that settlement agreements reached before or during an administrative proceeding or civil action do not entitle the plaintiff to attorney's fees.

1415(i)(3)(D)(ii). Hence Congress did not intend for the IEP to be considered a "proceeding" or "action" under 20 U.S.C. § 1451(i)(3)(B). Thus, while IEP programs may be part of a greater administrative scheme that the plaintiffs must exhaust before filing an action in court, legal representation should not be eligible for prevailing-party attorney's fees because any resolution was not judicially sanctioned.[3] Accordingly, in the absence of evidence of a specific judicial relief, this Court grants the defendant's motion to dismiss all claims involving a settlement agreement.[4]

## B. Attorney's Fees Under 42 U.S.C. § 1983

■ Plaintiffs have additionally sought attorney's fees under 42 U.S.C. § 1983 because Congress imposed a statutory cap on attorney's fees awarded pursuant to an IDEA claim.[5] They contend that various courts have allowed plaintiffs to bring

---

3. This court also agrees with Judge Kollar–Kotelly that the *Buckhannon* rule "is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open ... whether such events predate or postdate or announcement of the rule." *Heintz v. District of Columbia,* No. 01–CV–1124, at 11 (D.D.C. April 29, 2002) (quoting *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993)).

4. In all claims in which plaintiffs acquired final decisions from an administrative hearing, however, the Court agrees with the plaintiffs that the plaintiffs should be entitled to attorney's fees. Hearings, unlike voluntary settlement agreements, involve "proceedings" as specified under the fee-shifting provision. *See Moore v. District of Columbia,* 907 F.2d 165, 167–68 (D.C.Cir.1990). The *Buckhannon* holding does not overturn this circuit's established precedent that a court can authorize attorney's fees for a party that prevailed during an administrative hearing. *Id.* Like a ruling in a civil action, a final determination by a hearing officer materially alters the legal relationship between the parties: that is, the hearing officer's order represents judicial relief, and the parties can only modify the legal relationship again appealing to an Article III court. Here the hearing officer acts as an adjunct court, and as the Supreme Court made clear in *Murray v. Hoboken Land & Improvement Co.,* "there are matters, involving public rights, which may be presented in such form that the judicial power is capable of acting on them, and which are susceptible of judicial determination, but which Congress may or may not bring within the cognizance of the Courts of the United States." 59 U.S. (18 How.) 272, 284, 15 L.Ed. 372 (1855). Thus judicial determinations by adjunct courts, as directed by Congress, also have the "judicial imprimatur" under *Buckhannon.*

Moreover, there is no evidence that the Supreme Court elected to overturn its ruling in *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), which this circuit in *Moore* and other circuits relied on to find that a prevailing party in an IDEA administrative hearing is entitled to attorney's fees. (*See, e.g., King v. Floyd County Board of Education,* 228 F.3d 622 (6th Cir.2000)). In *Gaslight,* the Supreme Court found that the fee-shifting provision in Title VII, which also referred to "action or proceeding," permits courts to provide attorney fees to the prevailing party in state administrative hearings. *Gaslight,* 447 U.S. at 61, 100 S.Ct. 2024. The *Buckhannon* decision ignored the *Gaslight* precedent, making it unlikely that the Court intended to prohibit prevailing parties, even under the new *Buckhannon* definition, from pursuing attorney fees in federal court after receiving a final order in an administrative hearing. While the *Buckhannon* decision now requires that a "prevailing party" receive judicial relief, it did not change the fact that a party can win such relief at the administrative stage.

5. Congress restricted attorney's fees under IDEA most recently in Section 122 of the District of Columbia Appropriations Act of 2001, Pub.L.No. 106–522, 114 Stat. 2440, 2464 (2000). However, the D.C. Circuit found that courts can still award attorney's fees above the statutory cap even though DCPS lacks the authority to pay them. *Calloway v. District of Columbia,* 216 F.3d 1 (D.C.Cir.2000). Little solace, however, if the plaintiffs are not actually receiving the fees sought.

damage claims under § 1983 for violations of IDEA, *see, e.g., Ridgewood Bd. of Educ. v. N.E.*, 172 F.3d 238, 252 (3rd Cir.1999); *Johnson*, 190 F.Supp.2d at 46–47; *Walker v. District of Columbia*, 157 F.Supp.2d 11, 30–31 (D.D.C.2001); *Zearley v. Ackerman*, 116 F.Supp.2d 109, 114 (D.D.C.2000); *but see Sellers v. School Bd.*, 141 F.3d 524 (4th Cir.1998), and that the statutory cap does not apply to actions brought pursuant to § 1983 to enforce IDEA. *See Blackman v. District of Columbia*, 59 F.Supp.2d 37 (D.D.C.1999); *Petties v. District of Columbia*, 55 F.Supp.2d 17 (D.D.C.1999).

Even if the Court were to agree that the plaintiffs could have brought damage claims under § 1983, the fact of the matter is that they did not do so here. And since the plaintiffs must prevail on the merits of their § 1983 claim in order to be awarded reasonable attorney's fees as a part of costs, the plaintiffs cannot prevail on their § 1983 argument. The plaintiffs brought all 159 of the initial claims pursuant to IDEA. Only when seeking to recover attorney's fees did the plaintiffs even raise a § 1983 argument. The plaintiffs should not be able to avail themselves of a fee-shifting provision for a statutory right not even alleged in their pleadings. In short, plaintiffs cannot prevail on their § 1983 claims because they made none.

### C. Motion to Sever

The defendant also moves to sever the parties under Federal Rules of Civil Procedure 20(a).[6] The Supreme Court, however, has found that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and reme-

dies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Since the Court has granted the defendant's motion to dismiss claims involving a settlement agreement, the only remaining claims are those involving judgments pursuant to IDEA in administrative hearings, and because of the shared facts, this Court denies defendant's motion to sever the remaining claims.

### III. Conclusion

For the foregoing reasons, it is hereby ORDERED that defendant's motion to dismiss [# 12–1] is granted. Parties that reach voluntary settlement agreements during the IDEA process are not entitled to prevailing-party status for the purpose of awarding attorney's fees under 20 U.S.C. § 1451(i)(3)(B). Furthermore, plaintiffs cannot acquire attorney's fees under § 1983 without ever filing claims based on § 1983. Thus the only remaining claims are those reached by hearing-officer rulings judgments pursuant to IDEA. Finally, it is ORDERED that the defendant's motion to sever claims [# 12–2] is dismissed.

---

**6.** Rule 20(a) states, in part: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action...."