**Herbert DOUGLASS, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civil Action No. 04–947 (CKK).**

United States District Court,
District of Columbia.

March 31, 2009.

Ellen Douglass Dalton, William E. Houston, Paul S. Dalton, Dalton & Dalton, PC, Alexandria, VA, for Plaintiff.

Melvin W. Bolden, Jr., Richard Allan Latterell, Office of the Attorney General, Washington, DC, for Defendant.

## MEMORANDUM OPINION

COLLEEN KOLLAR–KOTELLY, District Judge.

Plaintiff Herbert Douglass ("Plaintiff") brings this action against Defendant District of Columbia (the "District") pursuant to the Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. § 1400 *et seq.*, as well as 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* Compl. ¶ 1. The District has moved for dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims under the IDEA and Section 1983 and that Plaintiff fails to state a claim under the IDEA or the Rehabilitation Act.[1] Upon a searching review of the Com-

---

1. As explained below, although styled as a motion to dismiss pursuant to Rule 12(b), the District's motion is in fact a motion for judgment on the pleadings under Rule 12(c) and

plaint, the relevant statutes, regulations and case law, the Court shall GRANT–IN–PART and DENY–IN–PART the District's motion. Specifically, the Court GRANTS the District's motion as to Count I of Plaintiff's Complaint, concluding that the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the IDEA and Section 1983, but DENIES the District's motion as to Count II of Plaintiff's Complaint, concluding that Plaintiff has sufficiently stated a claim under the Rehabilitation Act. In addition, although neither party has raised the issue of the Court's subject matter jurisdiction as to Plaintiff's claim under the Rehabilitation Act, as set forth in Count II of the Complaint, the Court raises the issue *sua sponte* and shall require the parties to submit supplemental briefing addressing the discrete question of the Court's subject matter jurisdiction over Plaintiff's remaining claim under the Rehabilitation Act, for the reasons that follow.

## I. BACKGROUND

### A. Plaintiff's Complaint

The IDEA provides that all children with disabilities will be provided a free and appropriate public education ("FAPE"), and provides for procedural safeguards to ensure that disabled children receive individualized education programs ("IEP") to

fulfill the Act's goals. As set forth in the Complaint, Plaintiff, at the time the lawsuit was filed, was "a twenty-one year old learning disabled student." *Id.* ¶ 8.[2] Plaintiff was a student at Ballou Senior High School, a school within the District of Columbia's public school system ("DCPS"), for three years, during which time he was enrolled in special education classes pursuant to his IEP. *Id.* ¶ 9. Plaintiff complains that, although his IEP specified that he was to be on the "high school diploma track," he was never informed by the District that "the special education classes he was attending were not eligible for Carnegie credits[3] and would not count toward his graduation credits." *Id.* ¶¶ 10–11. In other words, despite the fact that his IEP required Plaintiff to be on the "high school diploma track," Plaintiff had failed to earn any Carnegie units, as is necessary in order to be eligible for a high school diploma, during his three years of attendance at Ballou Senior High School. *Id.* ¶ 10.

A due process hearing was subsequently held, during which "DCPS admitted that they could not offer [him] Carnegie units at the high school level because he was enrolled in special education classes." *Id.* ¶ 12.[4] "Consequently, [Plaintiff] was placed at Accotink Academy, a full-time therapeutic private placement which offers Carnegie units for special education high

the Court will therefore treat it as such for purposes of this Memorandum Opinion. *See infra* p. 160–61.

**2.** In discussing these facts, the Court accepts as true all well-pleaded factual allegations in Plaintiff's Complaint, as it must on a motion for judgment on the pleadings. *Bowman v. District of Columbia*, 562 F.Supp.2d 30, 32 (D.D.C.2008).

**3.** As Defendant explains in its Motion to Dismiss, a "Carnegie" unit is a unit of credit for course work. *See* Def.'s MTD at 3, n. 1. Under the District's regulations, in order to be eligible to receive a high school diploma, a

student must meet certain requirements, including, as is relevant here, satisfactory completion of a certain number of "Carnegie" units in various subject areas. *See* 5 D.C. Mun. Regs. tit. 5 §§ 2202, 2203.2.

**4.** Although Plaintiff does not describe the relevant Hearing Officer Determination ("HOD") in his Complaint nor attach at copy of the HOD to the Complaint, Plaintiff subsequently submitted a copy of the relevant Hearing Officer Determination ("HOD") to the Court. *See* Docket No. [31–3]. Review of the HOD demonstrates that the decision was filed on June 21, 2002 and issued thereafter on June 24, 2002. *See id.* at 5.

school students." *Id.* "Because [Plaintiff] was eighteen when he enrolled in Accotink Academy, he was forced to sign a three year attendance contract with Accotink promising to remain at Accotink for a minimum of three years to complete his high school diploma." *Id.* ¶ 14. Thus, according to Plaintiff, "[a]t eighteen years of age [he] was forced to start his high school education over from the beginning in order to receive a high school diploma." *Id.* ¶ 13.

Plaintiff's Complaint sets forth two counts.[5] Count I alleges that the District's failure to offer Plaintiff special education classes that award Carnegie units denied him a FAPE. *Id.* ¶ 16. Count II alleges that the District, by providing "only regular education students [with] the opportunity to earn Carnegie units and work towards a regular high school diploma," discriminated against Plaintiff on the sole basis of his disability. *Id.* ¶ 18. Based on these allegations, Plaintiff asks the Court to "[d]eclare that Defendants have violated Plaintiff's rights under [the] IDEA." *Id.* ¶ 20.[6] In addition, Plaintiff seeks an award of compensatory education and monetary damages. *Id.* ¶¶ 22–23.[7]

### B. Procedural Background

Plaintiff initially filed the above-captioned lawsuit on June 9, 2004. *See*

Compl. The District thereafter filed an answer. *See* Docket No. [5]. The parties proceeded to engage in discovery, at the conclusion of which the Court set a schedule for dispositive motions. *See* 10/31/05 Min. Order. Pursuant to that schedule, Plaintiff filed his motion for summary judgment on December 6, 2005. *See* Docket No. [31]. The District responded by filing the instant motion seeking to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Def.'s MTD, Docket No. [32]. The District explained that it was only after Plaintiff filed his motion for summary judgment that it became clear to the District that this Court lacked subject matter jurisdiction over Plaintiff's Complaint. *See* Docket No. [34]. The Court, acknowledging that a defendant is permitted to raise jurisdictional issues at any time, required the parties to brief the jurisdictional issues raised in the District's motion and held-in-abeyance Plaintiff's motion for summary judgment pending the Court's ruling on the District's motion. *See* 4/11/06 Min. Order. Accordingly, Plaintiff filed his opposition to the District's motion, *see* Pl.'s Opp'n, Docket No. [35], and the District its reply, *see* Def.'s Reply, Docket No. [36]. Briefing is therefore complete and the District's motion is now ripe for the Court's review and resolution.

---

**5.** Although Plaintiff's Complaint asserts a putative class action, *see generally* Compl., pursuant to the Court's directives, the District's motion addresses only Plaintiff's individual claims at this stage in the litigation.

**6.** In setting forth Plaintiff's prayer for relief in his Complaint, Plaintiff has numbered the relevant paragraphs starting at 1, such that Plaintiff's Complaint contains two paragraphs that are numbered "1." For convenience, the Court refers to all paragraphs in Plaintiff's Complaint in sequential order, referring to paragraph "1" of the prayer for relief as para-

graph 19, paragraph "2" of the prayer for relief as paragraph 20, etc.

**7.** On behalf of the putative class, Plaintiff also asks that the Court "[r]equire D.C.P.S. to credit Carnegie units to all special education students who have completed high school classes, award units to all student[s] who wish to pursue their high school diploma, or, in the alternative, fund the placement of the student at a school which offers Carnegie units for any special education class offered." *Id.* ¶ 21. As discussed above, Plaintiff's class action claims are not at issue in the instant Memorandum Opinion. *See supra* 160, n. 5.

## II. LEGAL STANDARDS

As an initial matter, although the District's motion is captioned as a motion to dismiss pursuant to Rule 12(b), it is actually a motion for judgment on the pleadings under Rule 12(c). Rule 12(b) states that a motion making any of the defenses enumerated therein "shall be made before pleading if a further pleading is permitted." FED.R.CIV.P. 12(b). Because the District has already filed an answer to the Plaintiff's Complaint, the District's motion to dismiss is not timely under Rule 12(b). Courts, however, routinely treat motions to dismiss that are filed after a responsive pleading as a motion for judgment on the pleadings. *See, e.g., Lenox Hill Hosp. v. Shalala,* 131 F.Supp.2d 136, 139–40 (D.D.C.2000) (treating Rule 12(b) motion to dismiss filed after answer as a motion for judgment on the pleadings under Rule 12(c)); *see also Bowman v. District of Columbia,* 562 F.Supp.2d 30, 32 (D.D.C.2008) (same). Indeed, the "same standard applies to motions made under either" Rule 12(b) or Rule 12(c), such that "any distinction between them is merely semantic." *Bowman,* 562 F.Supp.2d at 32 (quoting 2 FED. PRAC.3d § 12.38, 12–101); *see also Sanders v. District of Columbia,* 601 F.Supp.2d 97 (D.D.C.2009) ("The standard for review for motions for judgment on the pleadings under Rule 12(c) of the Federal Rules is essentially the same as that for motions to dismiss under Rule 12(b)(6)."). Accordingly, the Court shall treat the District's motion as a motion for judgment on the pleadings pursuant to Rule 12(c). *See* Fed.R.Civ.P. 12(c) ("After the pleadings are closed … a party may move for judgment on the pleadings.").

As noted above, the standards for reviewing the District's motion are the same under either Rule 12(b) or 12(c). Accordingly, in reviewing the District's allegations that the Court lacks subject matter jurisdiction over Plaintiff's Complaint—whether under Rule 12(b) or Rule 12(c)—the Court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). However, a " 'plaintiff's factual allegations in the complaint … will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F.Supp.2d 9, 13–14 (D.D.C.2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350). "Although 'the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction [ ] on the complaint standing alone,' 'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.' " *Coalition for Underground Expansion v. Mineta,* 333 F.3d 193, 198 (D.C.Cir.2003) (quoting *Herbert v. Nat'l Acad. of Scis.,* 974 F.2d 192, 197 (D.C.Cir.1992)); *see also Koutny v. Martin,* 530 F.Supp.2d 84, 87 (D.D.C.2007) (in resolving a motion to dismiss pursuant to Rule 12(b)(1), a court "may also consider 'undisputed facts evidenced in the record' ") (internal citations omitted). The plaintiff bears the burden of establishing that the court has jurisdiction. *Grand Lodge,* 185 F.Supp.2d at 13 (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"); *see also Pitney Bowes, Inc. v. U.S. Postal Serv.,* 27 F.Supp.2d 15, 19 (D.D.C.1998).

Similarly, in evaluating the allegations that a plaintiff fails to state a claim—under either Rule 12(b)(6) or Rule 12(c)—the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F.Supp. 914, 915 (D.D.C.1994). While the court must construe the complaint in the plaintiff's favor, it "need not accept inferences drawn by the plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C.Cir.1997). The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C.Cir.1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n. 6 (D.C.Cir.1993).

### III.  DISCUSSION

#### A.  Count I of Plaintiff's Complaint Alleging Violations of the IDEA and Section 1983

■ As an initial matter, resolution of the District's motion is complicated by the Complaint's less than artful drafting. Although Plaintiff asserts in the Complaint that this Court has jurisdiction over his claims pursuant to three different statutory schemes—the IDEA, Section 1983 and the Rehabilitation Act—the Complaint asserts only two counts and does not specify the legal basis for either count. *See generally* Compl. The Court therefore pauses briefly to clarify the claims asserted in Count I of Plaintiff's Complaint. Specifically, Count I of Plaintiff's Complaint alleges that the District failed to provide Plaintiff with a free and appropriate public education when it did not provide him an opportunity to receive a high school diploma even though his IEP specified that he was on the high school diploma track. *See* Compl. ¶ 16. Although Plaintiff does not identify the precise legal basis for his claim, the Court understands that Plaintiff intends to assert a violation of the IDEA— *i.e.*, failure to provide Plaintiff with a free and appropriate education—and seeks compensatory education under the IDEA for this violation as well as a declaration that the District has violated the IDEA. *See id.* ¶¶ 16, 19, 22. In addition, although far from clear, it appears that Plaintiff also seeks monetary damages under Section 1983 for the alleged IDEA violation set forth in Count I. *See* Compl. ¶¶ 16, 23. As the relevant case law demonstrates, the IDEA itself does not provide for monetary damages, but a plaintiff may seek monetary damages for violations of the IDEA under Section 1983. *See Walker v. District of Columbia*, 969 F.Supp. 794, 796 (D.D.C.1997). Despite this lack of clarity in Plaintiff's Complaint, Plaintiff has confirmed in his opposition to the District's motion that his "Section 1983 claim arises from the failure of the school to implement [Plaintiff's] IEP." Pl.'s Opp'n at 3. Accordingly, the Court understands that Count I of Plaintiff's Complaint asserts claims under both the IDEA and Section 1983 based on the District's alleged failure to provide Plaintiff with a free and appropriate education. With that understanding, the Court proceeds to the substance of the District's arguments, as they relate to Count I of Plaintiff's Complaint.

The District principally argues that this Court lacks subject matter jurisdiction

over Plaintiff's claims under the IDEA and Section 1983.[8]   First, the District argues that, to the extent the Complaint should be read as appealing the June 2002 HOD, Plaintiff's claims are time-barred because the Complaint was not filed within the relevant statute of limitations for appealing hearing officer determinations.  Def.'s MTD at 10–11, 13.   Second, the District argues that, to the extent the Complaint should be read as asserting a new violation of the IDEA, Plaintiff has not exhausted his administrative remedies under the IDEA and the Court therefore lacks subject matter jurisdiction over Plaintiff's claims.  Def.'s MTD at 8, 13.   The Court shall examine each argument in turn.

1.   *To the Extent Plaintiff Seeks to Appeal the June 2002 HOD, Plaintiff's Claims under the IDEA and Section 1983 are Time–Barred*

The IDEA establishes a variety of procedural safeguards, including, as is relevant here, a notice and hearing process. *See* 20 U.S.C. § 1415.   As Plaintiff acknowledges in his Complaint, he engaged in the notice and hearing process and was issued an HOD. Compl. ¶ 12.   Although Plaintiff's Complaint does not provide further detail as to the HOD, Plaintiff subsequently submitted a copy of the HOD to the Court.[9]   *See* Docket No. [31–3].   Review of the HOD demonstrates that the decision was filed on June 21, 2002 and issued shortly thereafter on June 24, 2002.

*See id.* at 5.  As explained in the HOD, Plaintiff and his parents brought a complaint against DCPS alleging that the District had denied Plaintiff a FAPE "through its failure to provide him a full-time special education program and placement and classes in which he can earn Carnegie credits towards a diploma upon graduation." *Id.* at 3.  Plaintiff requested that he be awarded:(1) an order directing the District to place and fund Plaintiff at the Accotink Academy for the 2002–03 school year, a facility which provides Carnegie credits for special education classes;  (2) compensatory education;  and (3) reservation of the right to seek additional compensatory education if necessary.   *Id.*  The HOD determined that DCPS had a responsibility to inform Plaintiff of the apparent conflict between his need for special education and his placement on a "diploma track"—*i.e.*, that his special education classes may not award the Carnegie units required for a diploma—and to obtain a waiver releasing the District from its obligation to provide a FAPE if Plaintiff's parent insisted Plaintiff remain on a "diploma track." *Id.* at 4–5.  The HOD ultimately held that District's failure to do so denied Plaintiff a FAPE. *Id.* The HOD therefore awarded Plaintiff all relief requested.  *See id.*

At the time the HOD was issued, the District of Columbia applied a 30–day limitations period to appeals from an adverse HOD, *see Carruthers v. Ludlow Taylor*

---

8.   The District also argues that Plaintiff has failed to state a claim under the IDEA. Def.'s MTD at 8–10.   Given the Court's determination that the Court lacks subject matter over Plaintiff's IDEA claim, the Court need not address Defendant's argument in the alternative.

9.   As explained above, "[a]lthough 'the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction [ ] on the complaint standing alone,' 'where necessary, the court may con-

sider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.' " *Coalition for Underground Expansion*, 333 F.3d at 198 (quoting *Herbert*, 974 F.2d at 197); *see also Koutny*, 530 F.Supp.2d at 87 (in resolving a motion to dismiss for lack of subject matter jurisdiction, a court "may also consider 'undisputed facts evidenced in the record' ") (internal citations omitted).

*Elem. School,* 432 F.Supp.2d 75, 80 (D.D.C.2006),[10] and the HOD advised Plaintiff that he could appeal the determination within 30 days of the decision. *See id.* at 5. Plaintiff, however, did not file the above-captioned lawsuit until June 9, 2004. *See* Compl. The District therefore argues that any appeal of the HOD is time-barred, as Plaintiff did not file the appeal until almost two years after the HOD was issued. Def.'s MTD at 10–11. The Court agrees that, to the extent Plaintiff is seeking to appeal the June 2002 HOD, any such claim is time-barred. *See Carruthers,* 432 F.Supp.2d at 80 ("[T]he limitations period is 'mandatory and jurisdictional: once the time prescribed by the rules is passed, [the court is] without the power to hear the case.' "); *see also R.P. v. District of Columbia,* 474 F.Supp.2d 152, 154 (D.D.C.2007) (dismissing complaint for lack of jurisdiction because plaintiff failed to file appeal within relevant limitations period), *aff'd* 276 Fed.Appx. 1 (D.C.Cir. 2008).[11]

Plaintiff, however, counters that "[t]he instant case is not the appeal of an administrative hearing, and as such, is not time barred." Pl.'s Opp'n at 6. As an initial matter, the Court is not persuaded that this statement is entirely accurate. Admittedly, Plaintiff's Complaint itself does

not frame the instant lawsuit as an appeal of the June 2002 HOD. *See generally* Compl. Given the somewhat muddied nature of the Complaint, however, this fact alone does not clearly demonstrate that the instant lawsuit is not appealing the HOD. Rather, it appears that, as a substantive matter, Count I of Plaintiff's Complaint raises the very same issues addressed in the HOD, and that Plaintiff is simply seeking money damages in addition to the compensatory education awarded in the HOD. Indeed, Plaintiff's own statements in his briefing now before the Court significantly undermines Plaintiff's blanket assertion that the instant Complaint does not directly appeal the HOD. For example, in explaining the nature of his IDEA claim, Plaintiff asserts that it is based, at least in part, on the District's failure to "offer [Plaintiff] special education classes in which he could earn Carnegie units in order to complete the goals on his IEP and graduate with a high school diploma." Pl.'s Opp'n at 5.[12] In addition, in arguing that he is entitled to compensatory damages under Section 1983 for violations of the IDEA, Plaintiff cites to the HOD's finding that the District violated the IDEA as evidence that Plaintiff is entitled to monetary damages. *See id.* at 10. Thus, Plaintiff's own briefing indicates that his

---

**10.** The IDEA was amended, effective July 1, 2005, to provide for a 90-day statute of limitations for any appeal from an adverse HOD. *See* 20 U.S.C. § 1415(i)(2)(B).

**11.** Although there is some question as to whether the limitations period is subject to equitable tolling, *see R.S. v. District of Columbia,* 292 F.Supp.2d 23, 27 (D.D.C.2003); *Maynard v. District of Columbia,* 579 F.Supp.2d 137, 141–42 (D.D.C.2008), Plaintiff has not advanced any argument that the limitations period should be tolled in the instant case, *see generally* Pl.'s Opp'n. Accordingly, as "the District ha[s] sufficiently established that [Plaintiff's] complaint was not timely and [Plaintiff] ha[s] advanced no arguments for

equitably tolling the statute of limitations," the Court concludes that any appeal from the HOD is time-barred. *See Maynard,* 579 F.Supp.2d at 141.

**12.** In addition, Plaintiff states that his IDEA claim is also predicated on the District's failure to ensure that certain "transition services" were in place, as required by Plaintiff's IEP. *See* Pl.'s Opp'n at 5–6. Plaintiff's Complaint, however, fails to include any factual allegations relating to the provision of "transition services," and the Court therefore does not consider Plaintiff's argument as it relates to the District's failure to provide such services.

IDEA and Section 1983 claims are based on the same alleged violations of the IDEA at issue in the HOD. *See* Pl.'s Opp'n at 10. Accordingly, Plaintiff's contention that his IDEA and Section 1983 claims are not time-barred is not persuasive. Rather, it seems evident that Plaintiff is in fact seeking monetary damages from the violations addressed in the HOD and is not raising new claims. Nonetheless, the Court need not resolve this issue because even if Plaintiff's Complaint may be read to assert new, independent violations of the IDEA, the Court lacks subject matter jurisdiction over Plaintiff's IDEA and Section 1983 claims predicated on new violations of the IDEA in light of Plaintiff's failure to exhaust his remedies, as discussed below.

2. *To the Extent Plaintiff Seeks to Assert Claims under the IDEA and Section 1983 Based on New Violations of the IDEA, Plaintiff has not Exhausted his Administrative Remedies*

▆▆▆ Even accepting Plaintiff's assertion that the instant lawsuit is not an appeal from the HOD, Plaintiff has not exhausted his administrative remedies and the Court therefore lacks subject matter jurisdiction over Plaintiff's claims under the IDEA and Section 1983. Judicial review is generally unavailable under the IDEA unless all administrative procedures have been exhausted. *Honig v. Doe,* 484 U.S. 305, 326–27, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (discussing the Education of Handicapped Act, the immediate predecessor to the IDEA); *cf. Cox v. Jenkins,* 878 F.2d 414, 418 (D.C.Cir.1989) (dismissing action under the Education of Handicapped Act, the IDEA's immediate predecessor, for failure to pursue all administrative avenues of redress). Accordingly, "[a] court has no subject matter jurisdiction over an IDEA claim that has not first been pursued through administrative channels." *Massey v. District of Columbia,* 400 F.Supp.2d 66, 70 (D.D.C.2005). Although exhaustion of administrative remedies under the IDEA is not required "where exhaustion would be futile or inadequate," Plaintiff bears the burden of demonstrating the futility or inadequacy of the administrative process. *Honig,* 484 U.S. at 326–27, 108 S.Ct. 592; *see also Cox,* 878 F.2d at 419 (dismissing complaint where parents had not made any showing on the record that they were not required to exhaust their administrative remedies because exhaustion would have been futile). "The controlling point of law here is that, absent a showing that exhaustion would be futile or inadequate, a party must pursue all administrative avenues of redress under the [IDEA] before seeking judicial review under the Act." *Cox,* 878 F.2d at 419.

▆▆▆ Significantly, the IDEA's exhaustion requirement applies not only to claims brought directly under the IDEA itself, but to any claims for relief available under the IDEA, regardless of the statutory basis for such claims. The IDEA explicitly provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution ..., title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures [for an impartial due process hearing and administrative appeal] shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(*l* ). That is, although the IDEA does not "restrict or limit the rights, procedures, and remedies available" under other applicable federal laws, a

plaintiff must nonetheless exhaust the administrative procedures set forth under the IDEA when "seeking relief that is also available under" the IDEA, regardless of the statutory basis for such claims. *Id.*; *see also Polera v. Bd. of Ed. of Newburgh Enlarged City School Dist.*, 288 F.3d 478, 487–88 (2d Cir.2002). Accordingly, to the extent Plaintiff has not exhausted his administrative remedies under the IDEA and he seeks relief available under the IDEA, this Court lacks subject matter jurisdiction over Plaintiff's claims regardless of the statutory basis asserted. That is, not only is Plaintiff's IDEA claim subject to the IDEA's exhaustion requirement, but Plaintiff's claim under Section 1983 is also subject to the IDEA's exhaustion requirement to the extent the claim "seek[ ] relief that is also available under" the IDEA.

Plaintiff, for his part, does not dispute that he has failed to exhaust his administrative remedies under the IDEA. *See generally* Pl.'s Opp'n. Rather, Plaintiff argues only that he "is not barred from bringing this claim due to failure to exhaust administrative remedies" because "[i]t is not within the purview of the Hearing Officer to award damages." Pl.'s Opp'n at 11 (internal quotation marks omitted). In other words, Plaintiff argues that he does not need to exhaust his administrative remedies under the IDEA because he seeks monetary damages, which relief is not available under the IDEA.

As an initial matter, neither party has directed the Court to any decision within this Circuit addressing application of the IDEA's exhaustion requirement to claims brought under other statutes, such as Section 1983. It therefore appears to be an issue of first impression in this Circuit.

As the District notes in its motion, however, other courts have examined the issue and have concluded that a plaintiff cannot evade the IDEA's exhaustion requirement simply by framing his or her action as one for monetary relief. *See* Def.'s MTD at 8 (citing *Polera v. Bd. of Ed.*, 288 F.3d 478, 488 (2d Cir.2002)). Rather, these courts have held that "what relief is 'available' does not necessarily depend on what the aggrieved party wants." *Charlie F. v. Bd. of Ed.*, 98 F.3d 989, 991–92 (7th Cir.1996). That is, "relief" as used in section 1415(*l*) of the IDEA " 'mean[s] relief for the events, condition, or consequences of which the person complains, not necessarily relief of the kind the person prefers' or specifically seeks." *Padilla v. School Dist. No. 1*, 233 F.3d 1268, 1274 (10th Cir.2000) (quoting *Charlie F.*, 98 F.3d at 992); *see also M.Y. v. Special Sch. Dist. No. 1*, 519 F.Supp.2d 995, 1002 (D.Minn.2007) (same), *aff'd* 544 F.3d 885 (8th Cir.2008); *Polera*, 288 F.3d at 487–88 (same). Plaintiff, for his part, has not offered any case law to the contrary supporting his argument that a plaintiff need not exhaust his administrative remedies if he or she seeks monetary relief.[13]

Ultimately, the Court is persuaded that a court's "primary concern in determining whether a plaintiff must utilize the IDEA's administrative procedures relates to the source and nature of the alleged injuries for which he or she seeks a remedy, not the specific remedy itself." *Padilla*, 233 F.3d at 1274. As the Tenth Circuit succinctly put it:

> [T]he dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative proce-

---

13. Plaintiff's citations to *Walker v. District of Columbia*, 969 F.Supp. 794 (D.D.C.1997) (hereinafter *"Walker I"*) and *Walker v. District of Columbia*, 157 F.Supp.2d 11, 23 (D.D.C.2001) (hereafter *"Walker II"*) are inapposite, as neither case addresses the question of exhaustion under the IDEA.

dures and remedies. If so, exhaustion of those remedies is required. If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary. Where the IDEA's ability to remedy a particular injury is unclear, exhaustion should be required in order to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem.

*Id.*; *see also Charlie F.*, 98 F.3d at 992, 993. The Court therefore does not agree with Plaintiff that he may skirt the administrative remedies provided for in the IDEA simply by adding a claim for monetary relief. If that were true, every plaintiff who had failed to exhaust his or her administrative remedies could simply sidestep the error by adding a claim for monetary damages to his or her complaint in federal court. Such a result is illogical and in direct contradiction to the purpose of the IDEA's exhaustion requirement, which "was intended to channel disputes related to the education of disabled children into an administrative process that could apply administrators' expertise in the area and promptly resolve grievances." *Polera*, 288 F.3d at 487 (2d Cir.2002); *see also Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir.1992) ("Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children."). Thus, the Court concludes that Plaintiff is not excused from the IDEA's exhaustion requirement simply because he seeks monetary damages.

Significantly, Plaintiff fails to offer any other reason to excuse his admitted failure to exhaust administrative remedies. *See*

*generally* Pl.'s Opp'n. As stated above, however, Plaintiff bears the burden of demonstrating that exhaustion would be futile or inadequate. *See Honig*, 484 U.S. at 326–27, 108 S.Ct. 592; *see also Cox*, 878 F.2d at 419. Accordingly, as Plaintiff has not "show[n] that exhaustion would be futile or inadequate, [Plaintiff] must pursue all administrative avenues of redress under the [IDEA] before seeking judicial review under the Act." *Cox*, 878 F.2d at 419. The Court therefore grants the District's motion for judgment on the pleadings as to Count I, as the Court lacks subject matter jurisdiction over Plaintiff's claims under the IDEA and Section 1983 based on allegations that the District violated the IDEA.

### B. Count II of Plaintiff's Complaint Alleging a Violation of the Rehabilitation Act

As with Count I, Count II of Plaintiff's Complaint does not specify the exact legal basis for the allegations asserted therein. It appears, however, that Plaintiff intends to assert a claim under Section 504 of the Rehabilitation Act, alleging that the District "discriminated against the plaintiff solely based on his disability" by providing "only regular education students [with] the opportunity to earn Carnegie units and work towards a regular high school diploma." Compl. ¶ 18.

In order to state a claim under Section 504, generally a plaintiff must show that he or she was discriminated against "solely by reason of his [or her] handicap." 29 U.S.C. § 794. In the context of children who receive benefits pursuant to the IDEA, the D.C. Circuit has noted that " 'in order to show a violation of the Rehabilitation Act, something more than a mere failure to provide the 'free and appropriate education' required by the

[IDEA] must be shown.'" *Lunceford v. District of Columbia Bd. of Ed.*, 745 F.2d 1577, 1580 (D.C.Cir.1984) (quoting *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir.1982)). Accordingly, courts in this circuit have consistently held that a plaintiff alleging a Section 504 violation based upon denial of a free and appropriate education "must show either bad faith or gross misjudgment on the part of the governmental defendants." *See, e.g., Robinson v. District of Columbia*, 535 F.Supp.2d 38, 41–42 (D.D.C.2008); *R.S. v. District of Columbia*, 292 F.Supp.2d 23, 28 (D.D.C.2003); *Walker I*, 969 F.Supp. at 797.

█ The District argues that Plaintiff has failed to state a claim under Section 504 because "nothing in the Complaint suggests an allegation of bad faith or gross misjudgment." Def.'s MTD at 12. As characterized by the District, Plaintiff's Complaint alleges only that the District failed to fully implement Plaintiff's IEP, which the District argues does not by itself sufficiently suggest the bad faith or gross misjudgment necessary to state a claim under Section 504. Def.'s Reply at 6–7. The District's argument, however, ignores that Count II of Plaintiff's Complaint asserts more than a mere failure to implement the Plaintiff's IEP, as is at issue in Count I. Rather, Count II alleges that the District discriminated against Plaintiff solely based on his disability because it provided "only regular education students [with] the opportunity to earn Carnegie units and work towards a regular high school diploma," but did not provide the same opportunity to special education students. *See* Compl. ¶ 18. That is, Plaintiff claims that the District's alleged policy of awarding Carnegie units only for non-special education classes impeded the implementation of his IEP, which specified that he was to be on the high school diploma track. Plaintiff therefore argues that he has "alleged facts which call into question whether DCPS officials exercised professional judgment." Pl.'s Opp'n at 8. The Court is persuaded that, at this early stage, Plaintiff has alleged sufficient facts to state a claim under Section 504 of the Rehabilitation Act. *See, e.g., S.W. v. Warren*, 528 F.Supp.2d 282, 291–92 (S.D.N.Y. 2007) (finding that the court could "infer that plaintiffs may be able to show bad faith or gross misjudgment" from plaintiff's allegation that defendants implemented policies that impede implementation of disabled students' IEPs and thus finding that plaintiff's section 504 claim survived motion to dismiss); *cf. Alston v. District of Columbia*, 561 F.Supp.2d 29, 39 (D.D.C. 2008) ("The plaintiff is not required to use the magic words 'bad faith' in her pleading."). Construing the Complaint in a light most favorable to Plaintiff and drawing all reasonable inferences from the factual allegations contained therein, as the Court must, the Court cannot say that Plaintiff has failed, as a matter of law, to alleged sufficient facts from which gross misjudgment maybe inferred.[14] The Court therefore denies the District's motion, to the extent it seeks a judgment on the pleadings as to Count II of Plaintiff's Complaint for failure to state a claim under the Rehabilitation Act.

█ However, this is not the end of the Court's inquiry as to Count II. Although the District itself has not explicitly

---

**14.** Although Plaintiff's Section 504 claim may be based upon a showing of either bad faith or gross misjudgment on the part of the governmental defendants, the Court notes that Plaintiff has asserted only that his Complaint alleges facts sufficient to infer DCPS' failure to exercise professional misjudgment. *See* Pl.'s Opp'n at 7–8. Plaintiff does not contend that he has asserted facts from which bad faith on the part of the District may be inferred. *See id.*

raised the question of the Court's subject matter jurisdiction over Plaintiff's Rehabilitation claim in its motion (instead raising the issue only as to Plaintiff's IDEA and Section 1983 claims, as discussed above), the Court has an obligation to consider the question *sua sponte*. *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C.Cir.2008) (" 'It is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.' ") (quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C.Cir. 1982)). "Indeed, we must raise it, because while arguments in favor of subject matter jurisdiction can be waived by inattention or deliberate choice, we are forbidden—as a court of limited jurisdiction—from acting beyond our authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.' " *Id.* (quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C.Cir.2003)).

As explained above, the IDEA "provides that potential plaintiffs with grievances related to the education of disabled children generally must exhaust their administrative remedies before filing suit in federal court, even if their claims are formulated under a statute other than the IDEA (such as [ ] the Rehabilitation Act)." *Polera*, 288 F.3d at 481; *see also supra* p. 165–66. Here, Plaintiff's claim, although asserted under the Rehabilitation Act, clearly "relat[es] to the education of disabled children." As such, it appears that Plaintiff is required to have exhausted his administrative remedies under the IDEA even as to his claim under Section 504 of the Rehabilitation Act.

Plaintiff has already admitted that he did not exhaust his administrative remedies under the IDEA. As discussed above, Plaintiff has not sufficiently met his burden of demonstrating futility or inadequacy as to his IDEA and Section 1983 claims. However, given that the District did not raise the issue of the Court's subject matter jurisdiction specifically over Plaintiff's Rehabilitation Act claim, the Court declines to make a determination on the record now before it without first providing both parties an opportunity to address the question of the Court's subject matter jurisdiction as it specifically relates to Plaintiff's Rehabilitation Act claim. Accordingly, the Court shall require the parties to submit supplemental briefing on the discrete question of the Court's subject matter jurisdiction over Plaintiff's claim under the Rehabilitation Act. Specifically, the parties must address whether the Court lacks subject matter jurisdiction over Plaintiff's claim under the Rehabilitation Act because it is time-barred or, if not time-barred, because Plaintiff failed to administratively exhaust his remedies under the IDEA.

Plaintiff shall therefore file, by no later than April 17, 2009, supplemental briefing addressing the discrete issue of the Court's subject matter jurisdiction over his Rehabilitation Act claim. The District shall file a targeted opposition addressing only the question of the Court's subject matter jurisdiction over Plaintiff's remaining claim by no later than May 1, 2009, and Plaintiff may file a reply, if appropriate, by no later than May 13, 2009.[15]

---

**15.** Finally, the Court notes that Plaintiff's Complaint also invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The District, in its motion now before the Court, argues that "plaintiff has failed to demonstrate that any federal law confers on plaintiff the right to receive Carnegie units, and thus to establish any federal right of which he has been deprived," therefore concluding that "plaintiff has failed to state a claim sufficient to establish jurisdic-

## IV. CONCLUSION

For the reasons stated above, the Court hereby GRANTS–IN–PART and DE-NIES–IN–PART Defendant's [32] motion for judgment on the pleadings. Specifically, the Court GRANTS Defendant's motion as to Count I of Plaintiff's Complaint, concluding that the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the IDEA and Section 1983, but DENIES Defendant's motion as to Count II of Plaintiff's Complaint, concluding that Plaintiff has sufficiently stated a claim under the Rehabilitation Act. The Court, however, shall require the parties to submit supplemental briefing addressing the Court's subject matter jurisdiction over Plaintiff's remaining claim under the Rehabilitation Act. Specifically, the parties must address whether the Court lacks subject matter jurisdiction over Plaintiff's claim under the Rehabilitation Act because it is time-barred or, if not time-barred, because Plaintiff failed to administratively exhaust his remedies under the IDEA. Accordingly, Plaintiff shall file, by no later than April 17, 2009, supplemental briefing addressing the discrete issue of the Court's subject matter jurisdiction over Plaintiff's Rehabilitation Act claim. The District shall file a targeted opposition by no later than May 1, 2009, and Plaintiff may file a reply, if appropriate, by no later than May 13, 2009. An appropriate order accompanies this memorandum opinion.

tion under Section 1331." Def.'s MTD at 5. Defendant's argument, however, is without merit. Plaintiff's Complaint alleges a claim under the Rehabilitation Act, and thus, to the extent this Court has subject matter jurisdic-tion over that claim, Plaintiff's Complaint "aris[es] under the [ ] laws" of the United States and this Court has general federal question jurisdiction over Plaintiff's Complaint.